**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| |  |
|---|---|
| **UNITED STATES,** <br><br> **v.** <br><br> **DILIP NAIK.** | No. 18-cr-190-WJM <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on a motion by Defendant Dilip Naik ("Defendant") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF No. 16. Defendant, a 72-year-old man with multiple chronic health conditions, asks the Court to convert the remaining four months of his eight-month term of incarceration to home confinement. *Id.* For the reasons set forth below, the motion is **GRANTED**.

I.     **BACKGROUND**

On April 10, 2018, Defendant pleaded guilty to a violation of 18 U.S.C. § 371, admitting that he conspired with others to defraud the United States government by failing to accurately report and pay appropriate federal income taxes for 2009, 2010, and 2011 related to a New Jersey retail pharmacy that he operated as an owner and partner. ECF Nos. 3-5. After his guilty plea, and pending sentencing, the Court released Defendant on $500,000 unsecured appearance bond. On February 11, 2020, this Court sentenced Defendant to eight months of imprisonment, followed by three years of supervised release.

Defendant has been incarcerated at the FCI Fort Dix satellite camp for minimum-security inmates since self-surrendering on June 24, 2020. Ex. B, Def. Br., ECF No. 16-4. He has served four months of his eight-month term of incarceration. *Id.* His calculated full term release date is February 22, 2021. *Id.*

Unfortunately, like many older individuals, Defendant suffers from multiple chronic health conditions. He is 72 years old, has had a stent in his coronary artery since 2010, and has been diagnosed with coronary artery disease, hypertension, hyperlipidemia, and type 2 diabetes. *See* Ex. C, Def. Br., ECF No. 16-5; Ex. D, Def. Br., ECF No. 16-6. Defendant is required to take a number of daily medications and supplements and to monitor his blood-sugar and blood-pressure levels to manage his conditions. Def. Br. at 2-3, ECF No. 16-2. There is some dispute as to whether Defendant has access to all the appropriate medications and monitoring equipment at the camp facility. *Id.*; Gov't Opp'n Br. at 3-4, ECF No. 21.

If released to home confinement, Defendant will reside at his home in Cranbury, New Jersey, with his family, where he will have his own room and bathroom so that he may immediately quarantine.  Def. Br. at 15-16, ECF No. 16-2.  Defendant represents that his family is ready and willing to support him in all ways necessary during his home confinement.  *Id.*  Defendant further represents that he is in a better position to manage his health from home, as his primary care physician, cardiologist, and local hospital are all within a thirty-minute drive.  *Id.* at 16-17.

## II.     DISCUSSION

Defendant argues that his underlying health conditions coupled with his age place him at a particularly high risk for developing severe symptoms that could result in hospitalization or death should he contract Covid-19 while incarcerated.  *Id.* at 2.  At the time Defendant filed the present motion on September 21, 2020, FCI Fort Dix had no known positive Covid-19 cases.  *Id.* at 8; Gov't Opp'n Br. at 7, ECF No. 21.  By October 9, 2020, FCI Fort Dix had thirteen inmates who transferred in and tested positive upon their arrival.  Gov't Opp'n Br. at 2, n.1, ECF No. 21.  Those inmates were immediately quarantined in a separate facility on the FCI Fort Dix campus.  *Id.*  By October 12, 2020, FCI Fort Dix had five of its own inmates test positive for Covid-19.  Def. Reply at 1, ECF No. 22.  As of the date of this writing, that number has risen to nine inmates and five staff members testing positive.[1]

The Government concedes that Defendant's medical condition qualifies as an "extraordinary and compelling reason" supporting a sentence reduction, but nonetheless opposes the motion.  Gov't Opp'n Br. at 6, ECF No. 21.  The Government argues that the Bureau of Prisons ("BOP") has already granted Defendant's request for home confinement; that BOP can adequately address the risks of the spread of Covid-19; and that the relevant statutory factors under 18 U.S.C. § 3553(a) weigh against Defendant's immediate release.  *Id.* at 7.

### A.     The Court May Hear the Request

A court may modify terms of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c).

---

[1] Defendant filed several supplemental letters advising the Court of daily rising Covid-19 cases at FCI Fort Dix.  ECF Nos. 17, 18, 23, 24.  Current Covid-19 case statistics on inmates and staff at individual BOP-managed institutions are available on the BOP's website at https://www.bop.gov/coronavirus/.

2

Here, the parties agree that Defendant has met the exhaustion requirement. *See* Gov't Opp'n Br. at 4, ECF No. 21. National Prison and Sentencing Consultants, Inc. ("NPSC") initially submitted a request on Defendant's behalf to the warden of his facility on June 25, 2020, requesting Defendant's release to home confinement. Ex. E, Def. Br., ECF No. 16-7. NPSC later amended the request on July 20, 2020, to include a request for compassionate release. Ex. H, Def. Br., ECF No. 16-10. On September 14, 2020, one week before Defendant filed the present motion, BOP granted Defendant's request for home confinement under the CARES Act and set his home confinement date for November 25, 2020. *See* Sept. 14, 2020 BOP Letter (not filed). BOP did not address Defendant's request for compassionate release and well over thirty days have lapsed since Defendant submitted his request to the warden of his facility. Thus, the Court may consider Defendant's request. *See* 18 U.S.C. § 3582(c).

### B. Consideration of the Statutory Criteria Warrants Release

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Once a court finds that "extraordinary and compelling reasons" are present, a court must still consider whether the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, weigh in favor of a defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). The factors include, but are not limited to:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct; [and]
>> (C) to protect the public from further crimes of the defendant; . . .
>
> (4) the sentencing range established for[] the applicable category of offense . . . [and]
> (6) the need to avoid unwarranted sentence disparities . . . .

18 U.S.C. § 3553(a).

First, the Sentencing Commission's policy statement addressing the reduction of sentences under 18 U.S.C. § 3582(c)(1)(A) provides that a defendant's physical and medical condition, age, and family circumstances may all serve as independent grounds for the existence of "extraordinary and compelling reasons." Application Notes 1(A)-(D) to U.S.S.G. § 1B1.13. In light of the Covid-19 pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical

3

condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020); *United States v. Henderson*, No. 15-0329 (ES), 2020 WL 5055081, at *3 (D.N.J. Aug. 26, 2020) (quoting *Moore*).

Here, the Government concedes that Defendant's medical condition qualifies as an "extraordinary and compelling reason" supporting a sentence reduction. Gov't Opp'n Br. at 6-11, ECF No. 21. Defendant is 72 years old with hypertension, hyperlipidemia, type 2 diabetes, and coronary artery disease severe enough to require a stent be placed in his artery. The CDC has identified adults in their 70s as being at a higher risk for severe illness if infected with Covid-19.[2] The CDC has also identified adults of any age with heart conditions like coronary artery disease or with type 2 diabetes as being at a higher risk for severe illness if infected with Covid-19.[3] Despite the Government's arguments that the BOP adequately treats Defendant's health conditions and that BOP has continued to implement extensive measures throughout the pandemic to contain and prevent Covid-19 in its facilities, the Court finds Defendant's individual circumstances concerning. The combination of his age and multiple high-risk factors, along with the rising number of confirmed cases among both inmates and staff at FCI Fort Dix after months of the campus having no known cases constitutes an "extraordinary and compelling reason" supporting a reduction of Defendant's sentence.

The Court must next consider the applicable factors set forth under 18 U.S.C. § 3553(a) and articulated above. 18 U.S.C. § 3582(c)(1)(A).

The nature of Defendant's offense was non-violent, and there is no evidence to suggest he has a history of violence or otherwise poses a threat to the community should he be released. Although the conspiracy scheme to which Defendant pleaded guilty resulted in a considerable tax loss of $3,147,946, Defendant represents, and the Government does not contest, that he did not develop the scheme to evade paying federal income taxes, nor did he have access to the business's books and records. Def. Br. at 13-14, ECF No. 16-2. The Government argues, however, that this was not Defendant's first non-violent offense. Gov't Opp'n Br. at 12, ECF No. 21. He was sentenced in 2005 to three years of probation for unlawful distribution of prescription drugs. *Id.* Nonetheless, as to the instant offense, this Court Ordered Defendant to make restitution in the amount

---

[2] The CDC's guidance concerning older adults and Covid-19 is available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

[3] The CDC's guidance concerning adults with certain medical conditions is available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

of the tax loss and sentenced Defendant to an eight-month term of imprisonment, a term below the advisory Guidelines range of 30 to 37 months.

While there is some merit to the Government's argument that Defendant's continued incarceration is necessary given Defendant's history and the general need to deter tax evasion, the Court finds such argument is outweighed by the fact that Defendant has already served half of his eight-month sentence and BOP will release him to home confinement on November 25, 2020, under the CARES Act. The Court agrees with Defendant that in light of the circumstances, requiring Defendant to remain incarcerated for another month until he is released to home confinement serves no purpose other than to unnecessarily put Defendant's health at risk, particularly given the rising number of confirmed Covid-19 cases among inmates and staff at FCI Fort Dix. The 18 U.S.C. § 3553(a) factors therefore warrant a reduction in sentence and Defendant's release.

### III.     CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 16, is **GRANTED**. The remainder of Defendant's term of imprisonment is converted to a term of supervised release with the condition of home confinement. All other aspects of Defendant's original sentence remain unchanged.

An appropriate Order follows.

                                        /s/ William J. Martini
                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 21, 2020**